IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEFFREY PAICH,                  )
                             )
        Plaintiff,        )
                             )
     vs.                 )     Civil Action No. 06-1442
                             )
NIKE, INC.,               )
        Defendant.     )
                             )

AMBROSE, Chief District Judge

## MEMORANDUM ORDER

Defendant Nike, Inc. ("Nike") moves this Court *in limine* to: (1) exclude certain testimony and exhibits referenced in Plaintiff's statement order, and (2) exclude deposition excerpts referenced by Plaintiff. [Docket Nos. 83 and 85, respectively].  For the reasons set forth below, I grant Defendant's motions in part and deny them in part.

### 1.  Defendant's First Motion *In Limine* [Docket No. 83]

With respect to Defendant's first motion *in limine*, Defendant seeks to exclude the testimony of Terri Burton and Mike Namisnak, as well as Exhibits 6-10, 19-20 and 27-28 identified in Plaintiff's pre-trial order [Docket No. 80][1]  Terri Burton was the manager of Nike's store in Rehoboth, Maryland.  Exhibits 19-20 are performance reviews addressing Burton's performance as the store manager and Exhibit 28 is an unsigned letter of reference Burton wrote on Plaintiff's behalf, ostensibly in connection with a job application after Plaintiff was terminated by Nike.  Mike Namisnak was the store manager in Williamsburg, Virginia, and

---

[1]Plaintiff subsequently withdrew his designation of Exhibits 6-7 and 8-10. [Docket No. 96]

Exhibit 27 is an unsigned letter of reference that he wrote on Plaintiff's behalf.

Federal Rule of Evidence 402 provides that "[e]vidence which is not relevant is not admissible." Fed. R. Civ. P. 402 (West 2007). In my prior opinion granting summary judgment for Defendant on Plaintiff's reverse gender discrimination claim and denying summary judgment on Plaintiff's federal and state retaliation claims, I examined the evidence relating to Burton and held that "Burton . . .did not engage in conduct sufficiently similar and extensive to Plaintiff's conduct such that any differences in their treatment would provide evidence of discrimination." [Docket No. 77, at 14.] While Plaintiff's gender discrimination claim has been dismissed, my analysis of the evidence relating to Burton is equally applicable to the remaining claims for retaliation. While disparate treatment may provide some evidence of pretext in the context of a retaliation claim, see Marra v. Philadelphia Housing Auth., 497 F.3d 286, 307 (3d Cir. 2007), this is not such a case. The circumstances of Burton's employment by Nike are too factually dissimilar to be relevant to Plaintiff's retaliation claims. Accordingly, I grant Defendant's motion *in limine* to exclude the testimony of Burton and Exhibits 19, 20, 28.

With respect to the testimony of Mike Namisek and Exhibit 27 (his letter of reference), Plaintiff has provided no factual basis to support his conclusory argument that this testimony and exhibit are relevant to the retaliation claims. Since I suspect that this evidence is not relevant for the same reasons that the evidence relating to Burton and McGrath have been excluded, I will grant Defendant's motion to exclude this evidence unless Plaintiff files with the Court no later than July 13, 2008 proof of this evidence's relevance to the retaliation claims.

**2. Defendant's Second Motion *In Limine* [Docket No. 85]**

Defendant moves to exclude certain deposition excerpts to be offered by Plaintiff at trial.

With respect to the deposition transcript designations for Debra Sweda, Melissa Buganza, Kristine McCoy and Brian Kane, all of these individuals are within the subpoena power of the Court and thus are available to testify at trial. Pursuant to Rule 32(a)(2), Plaintiff may use the deposition excerpts, if necessary, to impeach or contradict the testimony of these individuals at trial. If during the course of trial, Plaintiff wants to offer as evidence any of the statements contained in the deposition excerpts for the truth of the matter asserted, as long as those statements, are, in fact, admissions made by a party-opponent in conformance with Federal Rule of Evidence 801(d)(2)(d), they may be admissible. That determination, however, must await trial. If Defendant wishes to rebut any such statements offered and admitted, Defendant may do so through the testimony of the witnesses.

With respect to the two pages of deposition testimony of Terri Burton, Ms. Burton resides beyond the subpoena power of the Court. I have reviewed the two pages of testimony designated by Plaintiff, and, for the reasons stated in subpart 1 above, find that the statements contained on those pages are not relevant, and are therefore inadmissible under Federal Rule of Evidence 402.

\*     \*     \*

THEREFORE, after careful consideration, it is ORDERED that:

(1) Defendant's motion *in limine* to exclude testimony and exhibits [Docket No. 83], is GRANTED to the extent of excluding the testimony of Terri Burton and Exhibits 19-20 and 28, and GRANTED pending further submission by the Plaintiff on or before July 13, 2008 with respect to the testimony of Mike Namisek, and Exhibits 27; and it is further ORDERED that

(2) Defendant's motion *in limine* to exclude deposition excerpts [Docket No. 85], is

GRANTED with respect to the deposition excerpts of Terri Burton, and DENIED in all other

respects.


BY THE COURT:


/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge